IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AKIVA HERSH, | ) | CASE NO. 1:17-CV-00146-CAB |
| | ) | |
| PLAINTIFF | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| V. | ) | |
| | ) | |
| BOARD OF CUYAHOGA COUNTY COMMISSIONERS, ET AL., | ) ) ) | **ANSWER OF DEFENDANT BOARD OF CUYAHOGA COUNTY COMMISSIONERS, ET AL.** |
| | ) | |
| DEFENDANTS. | | |

Defendant Board of Cuyahoga County Commissioners ("Defendant") answers the Complaint of Plaintiff Akiva Hersh ("Plaintiff") as follows:

**PARTIES**

1. In response to the allegations in paragraph one of the Complaint, Defendant admits that its employment records indicate, based on information provided by Plaintiff, that Plaintiff was a resident of the City of Cleveland Heights, in Cuyahoga County, in the State of Ohio, at the time he was hired by the County of Cuyahoga effective 10/26/2015. Defendant denies all remaining allegations for lack of knowledge sufficient to form a belief as to their truth.

2. Defendant denies the allegations in paragraph two of the Complaint, and further answers that the Board of Cuyahoga County Commissioners no longer exists as of January 1, 2010.

3. Defendant denies the allegations in paragraph three of the Complaint.

4. Defendant denies the allegations in paragraph four of the Complaint, and further answers that Plaintiff was employed by the County of Cuyahoga as a probationary employee.

5. In response to the allegations in paragraph five of the Complaint, Defendant admits that its employment records indicate, based on information provided by Defendant Deanna Boswell,

that she was a resident of the State of Ohio, at the time she was hired by the County of Cuyahoga. Defendant denies all remaining allegations for lack of knowledge sufficient to form a belief as to their truth.

6. Defendant denies the allegations in paragraph six of the Complaint, and further answers that Boswell is an employee of the County of Cuyahoga.

7. The allegations in paragraph seven of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

8. The allegations in paragraph eight of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

9. Defendant denies the allegations in paragraph nine of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

## JURISDICTION AND VENUE

10. The allegations in paragraph ten of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

11. The allegations in paragraph eleven of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

12. The allegations in paragraph twelve of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

13. Defendant admits the allegations in paragraph thirteen of the Complaint.

14. Defendant admits the allegations in paragraph fourteen of the Complaint.

15. Defendant denies the allegations in paragraph fifteen of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

16. The allegations in paragraph sixteen of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

17. Defendant admits the allegations in paragraph seventeen of the Complaint.

## FACTS

18. Defendant denies the allegations in paragraph eighteen of the Complaint, and further answers that Plaintiff was employed as a probationary employee with the County of Cuyahoga.

19. Defendant admits the allegations in paragraph nineteen of the Complaint.

20. Defendant admits the allegations in paragraph twenty of the Complaint.

21. Defendant admits the allegations in paragraph twenty one of the Complaint based on information provided by Plaintiff

22. Defendant denies the allegations in paragraph twenty two of the Complaint.

23. Defendant admits the allegations in paragraph twenty three of the Complaint, and further answers that the Defendant was hired as a probationary employee.

24. Defendant admits the allegations in paragraph twenty four of the Complaint, and further adds that the defendant was granted the requested accommodation.

25. Defendant denies the allegations in paragraph twenty five of the Complaint.

26. Defendant denies the allegations in paragraph twenty six of the Complaint.

27. Defendant admits the allegations in paragraph twenty seven of the Complaint.

28. Defendant admits the allegations in paragraph twenty eight of the Complaint.

29. Defendant denies the allegations in paragraph twenty nine of the Complaint.

30. Defendant denies the allegations in paragraph thirty of the Complaint.

31. Defendant denies the allegations in paragraph thirty one of the Complaint, and further answers that Plaintiff was hired on October 26, 2015 under a probationary period of 240 days. This April 5 2016, probationary evaluation was given halfway through his probationary period.

32. Defendant denies the allegations in paragraph thirty two of the Complaint.

33. Defendant admits Defendant became aware in April 2016 of Plaintiff's interest in planning an event related to the Holocaust. Defendant denies all remaining allegations in paragraph thirty three of the Complaint.

34. Defendant denies the allegations in paragraph thirty four of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

35. Defendant denies the allegations in paragraph thirty five of the Complaint. Further answering, Plaintiff mentioned the idea of planning a Holocaust related event to Boswell sometime in April 2016. Plaintiff only specifically mentioned a speaker and photos to Boswell, he failed to provide her with any materials to review.

36. Defendant denies the allegations in paragraph thirty six of the complaint, further answering Plaintiff's only mention of a speaker to Boswell was to inform her that a speaker had canceled.

37. Defendant denies the allegations in paragraph thirty seven of the Complaint.

38. Defendant denies the allegations in paragraph twenty eight of the Complaint and further answers that Defendant Boswell has never approved payments for any speaker at Jobs and Family Services.

39. Defendant denies the allegations in paragraph thirty nine of the Complaint, and further answers that Plaintiff emailed Boswell on 4/28/16 regarding his informal discussions relating to the Holocaust event, and she replied she was unable to meet until 5/1/16.

40. Defendant denies the allegations in paragraph forty of the Complaint.

41. Defendant admits the allegations in paragraph forty one of the Complaint, and further answers that Plaintiff was never informed that any material was unacceptable.

42. Defendant denies the allegations in paragraph forty two of the Complaint.

43. Defendant admits that on May 2, 2016 Boswell observed fliers posted announcing the 2016 Holocaust Memorial Week. Defendant denies all remaining allegations in paragraph forty three of the Complaint for lack of information sufficient to form a belief as to their truth.

44. Defendant admits the allegations in paragraph forty four of the Complaint, and further answers that the flyers were removed for the Plaintiff's failure to adhere to the internal posting procedure.

45. Defendant denies the allegations in paragraph forty five of the Complaint. Defendant answers that Boswell told Plaintiff that she removed the flyers because Plaintiff did *not* go through proper channels in order to post the flyers.

46. Defendant admits the allegations in paragraph forty six of the Complaint.

47. Defendant admits the allegations in paragraph forty seven of the Complaint.

48. Defendant admits the allegations in paragraph forty eight of the Complaint.

49. Defendant admits the allegations in paragraph forty nine of the Complaint.

50. Defendant denies the allegations in paragraph fifty of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

51. Defendant denies the allegations in paragraph fifty one of the Complaint.

52. Defendant admits the allegations in paragraph fifty two of the Complaint, and further answers that SMBC communicated the approval process for Morale Committee events to all SMBC employees in January of 2016.

53. Defendant denies the allegations in paragraph fifty three of the Complaint, further answering that Boswell was unaware of how what materials Plaintiff was hoping to post because Plaintiff never approached Boswell with the documents for approval.

54. Defendant denies the allegations in paragraph fifty four of the Complaint, further answering that Plaintiff never provided Boswell with materials for approval.

55. Defendant denies the allegations in paragraph fifty five of the Complaint.

56. Defendant denies the allegations in paragraph fifty six of the Complaint.

57. Defendant denies the allegations in paragraph fifty seven of the Complaint.

58. Defendant denies the allegations in paragraph fifty eight of the Complaint, and further answers that Plaintiff withdrew his interest in presenting a Holocaust event on May 2, 2016.

59. Defendant denies the allegations in paragraph fifty nine of the Complaint for lack of knowledge sufficient to form a belief as to their truth, but further answers that Boswell assisted with each event planned during her service as Center Manager at SMBC. Boswell assisted Plaintiff with his event by inquiring whether a laptop was available, and by contacting the Professional Development department to determine if his intended Holocaust even would be eligible for diversity credits.

60. Defendant denies the allegations in paragraph sixty of the Complaint.

61. Defendant denies the allegations in paragraph sixty one of the Complaint.

62. Defendant denies the allegations in paragraph sixty two of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

63. Defendant denies the allegations in paragraph sixty three of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

64. Defendant denies the allegations in paragraph sixty four of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

65. Defendant denies the allegations in paragraph sixty five of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

66. Defendant denies the allegations in paragraph sixty six of the Complaint.

67. Defendant denies the allegations in paragraph sixty seven of the Complaint.

68. Defendant denies the allegations in paragraph sixty eight of the Complaint.

69. Defendant denies the allegations in paragraph sixty nine of the Complaint, further answering that Plaintiff's attendance was being monitored by Plaintiff's direct supervisor well before Plaintiff filed his EEOC complaint. Plaintiff's attendance problem was first addressed in writing in his 120 Probationary evaluation dated April 5, 2016.

70. Defendant denies the allegations in paragraph seventy of the Complaint.

71. Defendant admits that a subpoena was issued in connection to an investigation being conducted by the County's welfare fraud investigations unit, but denies all remaining allegations in paragraph seventy one of the Complaint.

72. Defendant denies the allegations in paragraph seventy two of the Complaint.

73. Defendant denies the allegations in paragraph seventy three of the Complaint.

74. Defendant denies the allegations in paragraph seventy four of the Complaint.

75. Defendant denies the allegations in paragraph seventy five of the Complaint.

76. Defendant denies the allegations in paragraph seventy six of the Complaint.

77. Defendant denies the allegations in paragraph seventy seven of the Complaint.

78. Defendant admits that Plaintiff's supervisor conducted a second probationary performance evaluation dated May 9, 2016, which was reviewed and signed by Plaintiff and his

supervisor on May 11, 2016. Defendant denies all remaining allegations in paragraph seventy eight of the Complaint.

79. Defendant admits the allegations in paragraph seventy nine of the Complaint, and further answers that Plaintiff's second probationary evaluation was marked "development needed."

80. Defendant denies the allegations in paragraph eighty of the Complaint.

81. Defendant denies the allegations in paragraph eighty one of the Complaint.

82. Defendant denies the allegations in paragraph eighty two of the Complaint.

83. Defendant denies the allegation in paragraph eighty three of the Complaint.

84. Defendant denies the allegation in paragraph eighty four of the Complaint.

85. Defendant denies the allegation in paragraph eighty five of the Complaint.

86. Defendant admits the allegation in paragraph eighty six of the Complaint, and further answers that Plaintiff in determining accumulated over 90 AWOL hours during his probationary status above and beyond his absences related to his religious accommodation.

87. Defendant admits Plaintiff raised the issue of religion in his rebuttal, but denies all remaining allegations in paragraph eighty seven of the Complaint.

88. Defendant admits the allegation in paragraph eighty eight of the Complaint.

89. Defendant admits the allegation in paragraph eighty nine of the Complaint, and further answers that Plaintiff's request for additional leave was denied because he had already exhausted his entire unpaid leave account.

90. Defendant denies the allegation in paragraph ninety of the Complaint.

91. Defendant denies the allegation in paragraph ninety one of the Complaint.

92. Defendant admits the allegation in paragraph ninety two of the Complaint.

93. Defendant denies the allegation in paragraph ninety three of the Complaint, and further answers that Defendant was terminated from his status as a probationary employee due to excessive absenteeism.

94. Defendant denies the allegation in paragraph ninety four of the Complaint, and further answers that Defendant was terminated from his status as a probationary employee due to excessive absenteeism.

95. Defendant denies the allegation in paragraph ninety five of the Complaint, and further answers that Defendant was terminated from his status as a probationary employee due to excessive absenteeism.

96. Defendant denies the allegation in paragraph ninety six of the Complaint.

97. Defendant denies the allegation in paragraph ninety seven of the Complaint.

98. Defendant denies the allegation in paragraph ninety eight of the Complaint.

## COUNT I: DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E-2 BASED ON RELIGION

99. Defendant restates each and every prior denial as if fully restated herein.

100. Defendant denies the allegations in paragraph one hundred of the Complaint.

101. Defendant denies the allegations in paragraph one hundred one of the Complaint.

102. Defendant denies the allegations in paragraph one hundred two of the Complaint.

103. Defendant denies the allegations in paragraph one hundred three of the Complaint.

104. Defendant denies the allegations in paragraph one hundred four of the Complaint, and further answers that Defendant terminated Plaintiff's probationary employment for excessive absenteeism.

105. Defendant denies the allegations in paragraph one hundred five of the Complaint.

106. Defendant denies the allegations in paragraph one hundred six of the Complaint.

### COUNT II: DISCRIMINATION IN VIOLATION OF R.C. § 4112.01, *ET SEQ*. BASED ON RELIGION

107. Defendant restates each and every prior denial as if fully restated herein.

108. Defendant denies the allegations in paragraph one hundred eight of the Complaint.

109. Defendant denies the allegations in paragraph one hundred nine of the Complaint.

110. Defendant denies the allegations in paragraph one hundred ten of the Complaint.

111. Defendant denies the allegations in paragraph one hundred eleven of the Complaint.

112. Defendant denies the allegations in paragraph one hundred twelve of the Complaint, and further answers that Defendant terminated Plaintiff's probationary employment for excessive absenteeism.

113. Defendant denies the allegations in paragraph one hundred thirteen of the Complaint.

114. Defendant denies the allegations in paragraph one hundred fourteen of the Complaint.

### COUNT III: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2

115. Defendant restates each and every prior denial as if fully restated herein.

116. Defendant denies the allegations in paragraph one hundred sixteen of the Complaint.

117. Defendant denies the allegations in paragraph one hundred seventeen of the Complaint.

118. Defendant denies the allegations in paragraph on hundred eighteen of the Complaint.

119. Defendant denies the allegations in paragraph one hundred nineteen of the Complaint.

120. Defendant denies the allegations in paragraph one hundred twenty of the Complaint, and further answers that Defendant terminated Plaintiff's probationary employment for excessive absenteeism.

121. Defendant denies the allegations in paragraph one hundred twenty one of the Complaint.

122. Defendant denies the allegations in paragraph one hundred twenty two of the Complaint.

## COUNT IV: RACE DISCRIMINATION IN VIOLATION OF R.C § 4112.01, ET SEQ.

123. Defendant restates each and every prior denial as if fully restated herein.

124. Defendant denies the allegations in paragraph one hundred twenty four of the Complaint.

125. Defendant denies the allegations in paragraph one hundred twenty five of the Complaint.

126. Defendant denies the allegations in paragraph one hundred twenty six of the Complaint.

127. Defendant denies the allegations in paragraph one hundred twenty seven of the Complaint.

128. Defendant denies the allegations in paragraph one hundred twenty eight of the Complaint, and further answers that Defendant terminated Plaintiff's probationary employment for excessive absenteeism.

129. Defendant denies the allegations in paragraph one hundred twenty nine of the Complaint.

130. Defendant denies the allegations in paragraph one hundred thirty of the Complaint.

## COUNT V: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

131. Defendant restates each and every prior denial as if fully restated herein.

132. Defendant denies the allegations in paragraph one hundred thirty two of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

133. Defendant denies the allegations in paragraph one hundred thirty three of the Complaint.

134. Defendant admits Plaintiff raised the issue of religion in his performance evaluation rebuttal, but denies all remaining allegations in paragraph one hundred thirty four of the Complaint.

135. Defendant admits the allegations in paragraph one hundred thirty five of the Complaint.

136. The allegations in paragraph on hundred thirty six of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

137. Defendant denies the allegations in paragraph one hundred thirty seven of the Complaint.

138. Defendant denies the allegations in paragraph one hundred thirty eight of the Complaint.

139. Defendant denies the allegations in paragraph one hundred thirty nine of the Complaint.

140. Defendant denies the allegations in paragraph one hundred forty of the Complaint.

141. Defendant denies the allegations in paragraph one hundred forty one of the Complaint.

### COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

142. Defendant restates each and every prior denial as if fully restated herein.

143. Defendant denies the allegations in paragraph one hundred forty three of the Complaint.

144. Defendant admits Plaintiff raised the issue of religion in his performance evaluation rebuttal, but denies all remaining allegations in paragraph one hundred forty four of the Complaint.

145. Defendant admits Plaintiff raised the issue of religion in his performance evaluation rebuttal, but denies all remaining allegations in paragraph one hundred forty five of the Complaint.

146. Defendant admits the allegations in paragraph one hundred forty six of the Complaint.

147. The allegations in paragraph on hundred forty seven of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied.

148. Defendant denies the allegations in paragraph one hundred forty eight of the Complaint.

149. Defendant denies the allegations in paragraph one hundred forty nine of the Complaint.

150. Defendant denies the allegations in paragraph one hundred fifty of the Complaint.

151. Defendant denies the allegations in paragraph one hundred fifty one of the Complaint.

152. Defendant denies the allegations in paragraph one hundred fifty two of the Complaint.

## COUNT VII: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(J), § 4112.99

153. Defendant restates each and every prior denial as if fully restated herein.

154. To the extent the allegations in paragraph one hundred fifty four of the Complaint are legal conclusions that fail to allege facts that can be admitted or denied, Defendant denies same. Defendant denies all remaining allegations.

155. Defendant denies the allegations in paragraph one hundred fifty five of the Complaint.

156. Defendant denies the allegations in paragraph one hundred fifty six of the Complaint.

157. Defendant denies the allegations in paragraph one hundred fifty seven of the Complaint.

158. Defendant denies the allegations in paragraph one hundred fifty eight of the Complaint.

159. Defendant denies the allegations in paragraph one hundred fifty nine of the Complaint.

160. Defendant denies the allegations in paragraph one hundred sixty of the Complaint.

161. Defendant denies the allegations in paragraph one hundred sixty one of the Complaint.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

162. Defendant restates each and every prior denial as if fully restated herein.

163. Defendant denies the allegations in paragraph one hundred sixty three of the Complaint.

164. Defendant denies the allegations in paragraph one hundred sixty four of the Complaint.

165. Defendant denies the allegations in paragraph one hundred sixty five of the Complaint.

166. Defendant denies the allegations in paragraph one hundred sixty six of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiff has failed to assert a prima facie case of wrongful discharge.

3. Plaintiff has failed to assert a prima facie case of retaliation.

4. Plaintiff has failed to assert a prima facie case of religious discrimination.

5. Plaintiff has failed to assert a prima facie case of race discrimination.

6. Defendant Cuyahoga County Department of Job & Family Services is not sui juris.

7. Plaintiff has no relief under the Ohio Revised Code.

8. Plaintiff was a probationary employee at the time of his removal.

9. Plaintiff has failed to exhaust administrative remedies.

10. Plaintiff's claims are barred by election of remedies.

11. Plaintiff's claims for alleged punitive damages are barred and/or limited by the due-process and equal protection clauses of the Constitution of the United States.

12. Plaintiff's claims for alleged punitive damages are barred and/or limited by Defendants' good-faith efforts to comply with applicable federal and state employment laws and regulations.

13. Plaintiff's claims are subject to limitations on damages as determined by statute.

14. Defendant is immune from some or all of Plaintiff's claims.

15. Plaintiff's claims are barred by the statute of limitations.

16. Plaintiff's claims are barred by Plaintiff's own conduct and failure to comply with Defendants' policies.

17. Defendants reserve the right to plead additional affirmative defenses or special defenses of which it becomes aware through formal and informal discovery.

18. All County employees, including each Defendant and Boswell, acted in good faith and within their scope of job responsibilities.

WHEREFORE, having fully answered, Defendants respectfully request that the Complaint be dismissed with prejudice at Plaintiff's cost, and that the Court enter such other and further relief as it deems equitable and just.

Respectfully Submitted,

CUYAHOGA COUNTY
DEPARTMENT OF LAW

ROBERT J. TRIOZZI (0016532)
Director of Law

By: */s/ Amy E. Marquit Renwald*
AMY E. MARQUIT RENWALD (0074279)
Assistant Director of Law
Administrative Headquarters
2079 E. 9th Street
Cleveland, OH 44115
(216) 443-7724 (Telephone)
AMarquitRenwald@cuyahogacounty.us

*Counsel for Defendant Cuyahoga County*
*Department of Children & Family Services*

[Representation pursuant to August 27, 2013 Agreement governing the division of duties between the Cuyahoga County Prosecutor's Office and Law Department]

### CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2017, I caused the forgoing document to be electronically filed in accordance with the Court's Electronic Filing guidelines. Notice of this filing will be sent to the parties by operation of the Court's Electronic Filing system. Parties may access this filing through the system.

*/s/ Amy E. Marquit Renwald*
Amy E. Marquit Renwald (0074279)
*Counsel for Defendant Cuyahoga County*
*Department of Children & Family Services*